FILED
2005 Aug-12 AM 10:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

FILED

05 AUG 11 PM 12: 41

U.S. DISTRICT COURT
N.D. OF ALABAMA

|  |  |  |
|---|---|---|
| **RYAN JAVIER FRANCO, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | C$^v$ |
| | ) | CV-05-HGD-1707-E |
| **WAFFLE HOUSE, INC., A Georgia Corporation, WAFFLE HOUSE #850, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ANSWER OF WAFFLE HOUSE, INC. TO PLAINTIFF'S COMPLAINT</u>

COMES NOW Defendant Waffle House, Inc. ("Defendant") and answers the Complaint filed by plaintiff Ryan Javier Franco, a minor who sues by his parents and next friends, Ray Fernando Franco Vasquez and Maria De Los Angeles Figueroa Cruz ("Plaintiff"), as follows:

To the specific numbered paragraphs of the complaint, Defendant answers as follows:

### <u>COUNT I</u>

1.      Upon information and belief, Defendant admits that Ryan Javier Franco ("Franco") was playing with some blinds located at a Waffle House restaurant in Boaz, Alabama owned by Defendant. Upon information and belief, Defendant further admits that Franco was injured by the blinds with which he was playing. Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations of Paragraph 1, and therefore denies the same and demands strict proof thereof.

2.      Defendant denies the allegations contained in Paragraph 2 of the Complaint and demands strict proof thereof.

3.    Defendant denies the allegations contained in Paragraph 3 of the Complaint and demands strict proof thereof.

Defendant denies the averments of the unnumbered paragraph following Paragraph 3 beginning with "Wherefore" and demands strict proof thereof. Defendant specifically denies that Plaintiff is entitled to any judgment, damages, or other relief whatsoever and demands strict proof thereof.

## COUNT II

1.    Upon information and belief, Defendant admits that Franco was playing with some blinds located at a Waffle House restaurant in Boaz, Alabama owned by Defendant. Upon information and belief, Defendant further admits that Franco was injured by the blinds with which he was playing. Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations of Paragraph 1, and therefore denies the same and demands strict proof thereof.[1]

2.    Defendant denies the allegations contained in Paragraph 2 of the Complaint and demands strict proof thereof.

3.    Defendant denies the allegations contained in Paragraph 3 of the Complaint and demands strict proof thereof.

Defendant denies the averments of the unnumbered paragraph following Paragraph 3 beginning with "Wherefore" and demands strict proof thereof. Defendant specifically denies that Plaintiff is entitled to any judgment, damages, or other relief whatsoever and demands strict proof thereof.

---

[1]    Rather than numbering the paragraphs of the Complaint consecutively throughout, Plaintiff restarts numbering the first paragraph under Count II with number "1". To avoid confusion, Defendant's Answer numbers its responses to the allegations in each paragraph in Plaintiff's Complaint in a corresponding fashion.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant pleads the general issue.

### THIRD DEFENSE

To the extent not specifically admitted or denied above, Defendant denies each and every material allegation of the Complaint and demands strict proof thereof.

### FOURTH DEFENSE

Plaintiff's claims are barred by assumption of the risk.

### FIFTH DEFENSE

Plaintiff's claims are barred by contributory negligence and/or because the incident at issue was caused by an open and obvious danger.

### SIXTH DEFENSE

Plaintiff is not entitled to recover from Defendant because his damages, if any, were not caused by any act or omission of Defendant, or, in the alternative, were caused by acts or omissions of others for which Defendant had no responsibility.

### SEVENTH DEFENSE

Defendant did not breach any duty or obligation allegedly owed to Plaintiff.

### EIGHTH DEFENSE

Plaintiff filed this action in an improper venue.

### NINTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### TENTH DEFENSE

To the extent that Plaintiff seeks punitive damages, Defendant denies that it has been guilty of any conduct that entitles Plaintiff to recover punitive damages.

### ELEVENTH DEFENSE

Any claims for punitive damages against Defendant are barred by ALABAMA CODE § 6-11-20, 6-11-21, 6-11-27, and by the United States Constitution and by the Alabama Constitution.

Defendant reserves the right to raise other defenses after conducting discovery and investigating the facts and circumstances of this case and to adopt defenses raised by any other defendant added to this lawsuit.

Respectfully submitted,

Robert E. Battle (ASB-7807-T67R)
Michael J. Clemmer (ASB-4005-E68M)
Attorneys for Defendant WAFFLE HOUSE, INC.

**OF COUNSEL:**

**BATTLE FLEENOR GREEN
  WINN & CLEMMER LLP**
The Financial Center
505 North 20th Street
Suite 1150
Birmingham, Alabama 35203
Telephone: (205) 397-8160
Fax: (205) 397-8179
Email: rbattle@bfgwc.com
        mclemmer@bfgwc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document upon all counsel of record in this case by placing a copy of same in the United States mail, postage prepaid, addressed as follows:

Jimmy F. Carnes
Carnes & Carnes, Attorneys, P.C.
104 North Emmett St.
Albertville, AL 35950

on this the _____ day of August, 2005.

_____
OF COUNSEL

5